**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VIRGIL HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00180-SEP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of petitioner Virgil Hall for leave to commence this civil action without prepayment of the required filing fee. Doc. [4]. Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will give Petitioner the opportunity to either withdraw the instant petition or consent to its reclassification as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**Background**

On December 15, 2010, Petitioner was charged in a one-count indictment alleging possession with intent to distribute 500 grams or more of cocaine. *United States v. Hall*, No. 2:10-cr-1109-TS (D. Utah). Following a jury trial before the United States District Court for the District of Utah, Petitioner was found guilty on June 9, 2011. On November 8, 2011, he was sentenced to 120 months in custody and 60 months of supervised release.

Petitioner's supervised release was transferred from the District of Utah to the Eastern District of Missouri on November 13, 2018. *United States v. Hall*, No. 4:18-cr-944-AGF-1 (E.D. Mo.). His supervised release was subsequently revoked, and on January 8, 2020, he was sentenced

to three months' imprisonment and 54 months of supervised release.  Petitioner filed the instant action on January 30, 2020, seeking relief under 28 U.S.C. § 2241.  Doc. [1].

## The Petition

The petition is on a court-provided 28 U.S.C. § 2241 form.  It contains three grounds for relief.  First, Petitioner states that he "is being held on invalid and void court orders," and that the indictment and judgment do not have "a court seal…signed by the clerk."  Doc. [1] at 6.  Second, he claims a violation of due process at his detention hearing because he asked "to see certified records" regarding the indictment and judgment, which are allegedly "without a court seal and clerk signature."  And finally, Petitioner asserts "slavery."  In support, he states that the "court cannot produce certified records and show that petitioner has been duly convicted."

## Discussion

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which enables a petitioner to attack the execution of a sentence by bringing a petition in the jurisdiction of incarceration.  *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).  A collateral challenge to a federal conviction or sentence must be raised in a motion to vacate filed in the sentencing court under 28 U.S.C. § 2255.  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  A writ of habeas corpus may issue under § 2241 only if it appears that the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention."  *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).  This requirement comes from the "savings clause" in 28 U.S.C. § 2255(e).  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  A petitioner seeking habeas relief under § 2241 therefore has the burden of showing that § 2255 is inadequate or ineffective.  *Id*; *see also Hill*, 349 F.3d at 1091.

2

Here, Petitioner is not challenging the execution of his sentence, which would make 28 U.S.C. § 2241 the appropriate statute under which to seek relief.  Rather, he expressly states that he is "challenging the [legality] of [his] incarceration," arguing that "the indictment and judgment and commitment [are] void [and] they have no legal authority."  Doc. [1] at 4.  In other words, this is a collateral attack on his conviction and sentence, which must be raised in a motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255.  There is nothing in the petition to indicate that § 2255 is inadequate or ineffective, and thus Petitioner has not met his burden of demonstrating that § 2255(e)'s savings clause applies.  Accordingly, Petitioner is not entitled to relief under § 2241, and his petition is subject to dismissal.

Instead of dismissing the petition at this time, the Court will give Petitioner the opportunity either to withdraw it or to consent to the Court's reclassification of it as a motion pursuant to 28 U.S.C. § 2255.  *See Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002).  If Petitioner chooses to consent to reclassification, he must amend his petition by filing a motion pursuant to 28 U.S.C. § 2255 on a Court-provided form.  Petitioner will have thirty (30) days to respond to this Order, advising the Court in writing whether he wishes to withdraw the instant petition or to consent to the Court's reclassification.  Failure to respond within thirty days will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. [4]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall have **thirty (30) days** from the date of this Order in which to advise the Court in writing whether he wishes to withdraw the instant petition or to consent to its reclassification as a motion brought pursuant 28 U.S.C. § 2255.

3

**IT IS FURTHER ORDERED** that if Petitioner consents to the Court's reclassification of the petition as a motion brought pursuant to 28 U.S.C. § 2255, he must also file an amended motion to vacate on the court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Petitioner a copy of the Court's 28 U.S.C. § 2255 form.

**IT IS FINALLY ORDERED** that Petitioner's failure to respond to this order within **thirty (30) days** will result in the dismissal of this action without prejudice and without further notice.

Dated this 13th day of July, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE